UNITED STATES DISTRICT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| TERRENCE BAILEY | CIVIL ACTION NO. 07-1798 |
|---|---|
| VS. | SECTION P |
|  | JUDGE MINALDI |
| WARDEN, ALLEN CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE KAY |

## *REPORT AND RECOMMENDATION*

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. § 2254) filed on October 26, 2007 by *pro se* petitioner Terrence Bailey. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center, Kinder, Louisiana where he is serving a twenty-five year sentence imposed following his February 13, 2004, guilty plea in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### *Background*

Petitioner was charged with three counts of manslaughter. On February 13, 2004, he pled guilty to all three counts and the court ordered a pre-sentence investigation. On June 25, 2004, petitioner was sentenced to serve concurrent sentences of 25 years. Petitioner did not appeal his

convictions or sentences.

On June 7, 2005, petitioner filed an application for post-conviction relief in the Fourteenth Judicial District Court raising three claims for relief: (1) defective and unconstitutional Bills of Information; (2) structural defect in the taking of the plea; and, (3) ineffective assistance of counsel based on counsel's failure to seek petitioner's immediate release in accordance with the provisions of La. Code Crim. Proc. Ann. art. 701(B)(1), La.. Const. Art. I, § 16, and the Sixth and Fourteenth Amendments of the United States Constitution.

On June 13, 2006, the district court denied relief. Petitioner sought review in the Third Circuit Court of Appeals. On July 19, 2006 the Third Circuit denied relief in an unpublished order under Docket Number KH 06-00907. On or about November 16, 2006, petitioner applied for further review in the Louisiana Supreme Court. On October 5, 2007, the Supreme Court denied relief. *State ex rel. Terrence Bailey v. State of Louisiana*, 2006-KH-3042 (La. 10/5/2007), 964 So.2d 383.

Petitioner dated his petition October 11, 2007 [Doc. 1-1, at 11]; his memorandum was dated October 17, 2007 [Doc. 1-3, at 22-23]; however, the cover letter submitted with his pleadings was dated October 18, 2007 [Doc. 1-1, at 13]. His pleadings were received and filed on October 26, 2007. Petitioner argues two claims for relief: (1) structural defect in the guilty plea because the Bill of Information was filed beyond the period of limitations established by La. Code Crim. Proc. Ann. art. 701(B)(1); and, (2) ineffective assistance of counsel. This second claim is premised on counsel's failure to object and move for petitioner's immediate release pursuant to La. Code Crim. Proc. Ann. art. 701(B)(1) and counsel's failure to object to a

defective and insufficient bill of information. In essence, petitioner claimed that the bill of information charging him with manslaughter was filed more than three years after the date of the offense.

Petitioner's original *pro se* petition was found to be insufficient in a number of respects. He was therefore ordered to amend his petition to provide information needed for the court to determine whether petitioner was entitled to relief on the claims made. Doc. 2. Petitioner filed an amended complaint on November 30, 2007. Therein, the petitioner provided most, but not all of the court documents requested. Notably absent from the petitioner's response was a copy of the February 13, 2004, guilty plea transcript which petitioner claimed was never provided to him. Doc. 3-1, at 1]. In addition, it appears that the trial court adopted the State's answer/procedural objections to petitioner's application for post-conviction relief as its reasons for judgment denying relief. Petitioner provided a copy of the trial court's judgment denying his application for post-conviction relief [Doc. 3-1, at 2], however, since the trial court relied on a pleading not provided, the State's response to the application for post-conviction relief needed to be reviewed to determine the basis of the trial court's dismissal of the application for post-conviction relief.

In regard to petitioner's claims that he was entitled to *habeas* relief because the State initiated prosecution by filing a Bill of Information on January 29, 2004, the transcript of sentencing reflected that petitioner had previously been charged with three counts of first degree murder [Doc. 3-2, at 34]. It thus appeared that the Bill of Information was filed as part of a plea agreement, the terms of which involved the dismissal of these more serious charges. However, this fact could not be conclusively established on the basis of the record submitted by the

petitioner. Therefore, additional information was needed in order to facilitate the completion of initial review. Thus, the court sent a request for documents to the respondent, District Attorney, Fourteenth Judicial District Court, the court of Calcasieu Parish. The District Attorney's office responded to the request on May 22, 2008. A review of the documents produced showed that petitioner's post conviction relief application was timely filed.

*Law and Analysis*

*1. Rule 4 Considerations*

Rule 4 of the Rules governing § 2254 habeas corpus cases in the United States district courts provides, in part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." "The district court has the power under Rule 4 to examine and dismiss frivolous *habeas* petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.'" *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting Advisory Committee Notes, 28 U.S.C. § 2254, Rule 4)). Since, as shown hereinafter, it plainly appears that petitioner is not entitled to relief, dismissal pursuant to Rule 4 is recommended.

*2. A Voluntary Guilty Plea Waives all Non-jurisdictional Defects*

Under both federal and Louisiana law, petitioner's voluntary guilty plea waived all non-jurisdictional defects in the proceedings leading to the plea, including claims related to a claim asserting a right to a speedy trial. In *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602,

1608, 36 L. Ed.2d 235 (1973), the Supreme Court noted:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.

In *United States v. Bell,* 966 F.2d 914, 915 (5th Cir. 1992), the court noted "In the Fifth Circuit, a speedy trial violation is a non-jurisdictional defect waived by a guilty plea." Finally, the Louisiana Supreme Court has observed that "[u]nder both state and federal jurisprudence, an Unqualified plea of guilty waives all non-jurisdictional defects occurring prior thereto, and precludes review thereof either by appeal or by post-conviction remedy." *State v. Crosby*, 338 So.2d 584, 588 (La. 1976). Thus, if petitioner's guilty plea was knowing and voluntary any speedy trial claim must be considered waived.

### 3. *Knowing, Intelligent and Voluntary Plea*

A guilty plea must be a voluntary, knowing, and intelligent act made with sufficient awareness of the relevant circumstances and likely consequences that surround it. *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L. Ed.2d 747 (1970). If a challenged guilty plea is knowing, voluntary, and intelligent, its validity must be upheld in federal habeas corpus proceeding. *James v. Cain*, 56 F.3d 662, 666 (5th Cir.1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979).

He must show such a strong degree of misunderstanding, duress, or misrepresentation by the court, prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75, 97 S. Ct. 1621, 52 L. Ed.2d 136 (1977)).

The evidence in this matter, especially the plea transcript, establishes that petitioner understood and was aware of the consequences of his plea; that he was mentally competent; and that his plea was freely and voluntarily entered without promises, threats or coercion. *Blackledge*, 431 U.S. at 74; *Kelley v. Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981). The transcript supplied by the District Attorney's office indicates that petitioner was allowed to plead to three counts of manslaughter thus eliminating the possibility of the severe sentences that he would have potentially faced on charges of first or second degree murder. The transcript demonstrates that petitioner was advised of: (a) his right to trial by jury; (b) his privilege against self-incrimination; (c) the right to compulsory process; and (d) the right to confront and cross-examine his accusers. The transcript reveals that he was also advised of his right to appeal and his right to counsel on appeal. Finally, the transcript reveals that petitioner was advised that his guilty plea would result in the waiver of the rights previously explained to him by the court. Prior to accepting the plea, the court ordered the State to provide a factual basis for the plea and the State complied. At the conclusion of the plea colloquy, the court noted that it was going to accept petitioner's guilty plea as being intelligently made with the assistance of counsel. The representations by a defendant during the plea proceedings carry a strong presumption of verity and petitioner has not rebutted that presumption. *Blackledge*, 431 U.S. at 74. Further, the trial

court's findings of fact regarding the free and voluntary nature of petitioner's plea are entitled to a presumption of correctness. Based on the evidence supplied, it appears beyond any doubt, that petitioner's plea was knowing and voluntary.

*4. Ineffective Assistance of Counsel*

Lastly, the court considers petitioner's claim of ineffective assistance of counsel. In order to prevail, he must not only show that counsel's failure to file a timely writ application was deficient performance, but, he must also show that this failure prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed.2d 674 (1984). With regard to the prejudice prong of the *Strickland* analysis, counsel's deficient performance is prejudicial only if it is established that "but for counsel's errors, there is a reasonable probability that the final result would have been different and confidence in the reliability of the verdict has been undermined." *Leal v. Dretke*, 428 F.3d 543, 548 (5th Cir. 2005) (citing *Little v. Johnson*, 162 F.3d 855, 860-61 (5th Cir. 1998)).

Even if it is assumed that counsel's actions were somehow deficient, petitioner cannot prevail because he cannot show prejudice. In order to show prejudice in this instance, petitioner must show that the Louisiana Supreme Court would have granted writs had counsel timely filed his application. This he simply cannot do.

In the alternative, petitioner alleges that counsel was ineffective when he convinced petitioner to plead guilty and effectively abandon his speedy trial defense. The test to be applied in ineffective assistance of counsel claims in a guilty plea context is the test articulated by the Supreme Court in the case of *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed.2d

203 (1985) which requires a *habeas* petitioner to prove that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

In the instant case, petitioner has failed to demonstrate that trial counsel's actions fell outside of any accepted range of professional competence. Counsel negotiated and obtained a plea agreement significantly reducing petitioner's incarceration exposure. "The essence of a plea agreement is that both the prosecution and the defense make concessions to avoid potential losses." *Hughey v. United States*, 495 U.S. 411, 421, 110 S. Ct. 1979, 109 L. Ed.2d 408 (1990); *see United States v. Adams*, 363 F.3d 363 (5th Cir. 2004) (same). Petitioner has not shown that "but for" counsel's supposed deficiencies he would have risked trial and the possibility of the more severe sentence inherent therein.

Petitioner's *habeas* corpus petition is subject to dismissal pursuant to Rule 4 since the pleadings and exhibits demonstrate that petitioner is not entitled to relief.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing 28 U.S.C. § 2254 cases in the United States District Courts since it plainly appears from the face of the petition and exhibits that the petitioner is not entitled to relief.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. Proc. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed in Chambers, Lake Charles, Louisiana, this 29th day of August, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE